# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

    v.                                     Case No. 05-CR-213

**PATRICK ALEXANDER**
        Defendant.

## SENTENCING MEMORANDUM

Defendant Patrick Alexander pleaded guilty to conspiracy to distribute more than five grams of crack cocaine. The probation office calculated his offense level as 29 based on a drug weight of 100 grams of crack, producing a base level of 32, U.S.S.G. § 2D1.1(c)(4), and a 3 level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1. The probation office further calculated his criminal history category as III based on two juvenile adjudications for disorderly conduct while armed and marijuana possession from when defendant was 15, which each scored 2 points. Thus, the recommended imprisonment range was 108-135 months. Defendant raised one objection to the guidelines and asked for a sentence below the range. In this memorandum, I set forth the reasons for the sentence imposed.

## I. SENTENCING PROCEDURE

Sentencing after United States v. Booker, 543 U.S. 220 (2005) involves a three-step process. First, I determine the applicable advisory guideline range, resolving any factual disputes and guideline objections necessary to that determination. Second, I determine whether, pursuant to the Sentencing Commission's policy statements, any departures from

the advisory guideline range clearly apply. Third, I determine the appropriate sentence in light of the factors set forth in 18 U.S.C. § 3553(a). United States v. Peralta-Espinoza, No. 04-CR-282, 2006 U.S. Dist. LEXIS 5654, at *3 (E.D. Wis. Feb. 3, 2006).

## II.  GUIDELINE DETERMINATION

Defendant argued that his two juvenile offenses were consolidated by the court and therefore were "related" and should not count separately. See U.S.S.G. § 4A1.2(a)(2) ("Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c)."). It appeared that the offenses were consolidated for sentencing by the children's court, however, application note 3 to § 4A1.2 provides that prior sentences "are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2 cmt. n.3. It was undisputed that defendant was arrested for the disorderly conduct offense, released on conditions, then committed and was arrested for the marijuana offense. Therefore, the offenses were not related, and I accordingly overruled the objection.

## III.  SENTENCE

Neither party requested a departure pursuant to the Commission's policy statements, therefore I proceeded to the imposition of sentence under § 3553(a). That statute instructs the court to consider:

> (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)    the need for the sentence imposed--

>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>    (B) to afford adequate deterrence to criminal conduct;
>
>    (C) to protect the public from further crimes of the defendant; and
>
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the advisory guideline range;
>
> (5) any pertinent policy statements issued by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities; and
>
> (7) the need to provide restitution to any victims of the offense.

The statute directs the court, after considering these factors, to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." 18 U.S.C. § 3553(a).

**A.  Nature of Offense**

Defendant obtained crack cocaine from Donte Jordan, a large-scale drug supplier, from February 2004 to March 2005. The parties agreed to a conservative weight of 100 grams of crack, although the actual amount was likely higher based on Jordan's statements. The offense was serious given the substance involved and the length of time defendant was involved in dealing. However, it was not aggravated by weapon possession, threats or violence.

3

B.  **Character of Defendant**

Defendant was 22 years old, and although he had a record, this was his first felony.[1] I noted that he had a difficult childhood. His father left when he was young and his mother worked long hours to support the family. Defendant started shoveling snow at age 12 to help the family make ends meet. He later turned to drug dealing and admitted that until recently he supported himself by unlawful means. He also had a history of drug abuse.

There were positives, however. Defendant dropped out of high school, but he expressed an interest in continuing his education and completed a course in engine repair at Milwaukee Area Technical College. Recently, defendant obtained a job at Anchor Moving Company, which he held from August to December 2005 when he was laid off due to lack of work. This was his first real job, and his employer wrote a positive letter about him. I also received positive letters from his nieces, sister, brother-in-law, mother and several family friends. He seemed to have strong family support, which would assist in his rehabilitation and re-integration.

Finally, the record showed that defendant had suffered serious injuries to both eyes as a result of being shot with a paint ball and being struck with a bottle, which caused poor vision and likely required corrective surgery. This disability would likely make confinement more onerous for defendant.

C.  **Needs of Public**

Aside from the disorderly conduct while armed incident that occurred when defendant was 15, there was little indication that defendant was dangerous. However,

---

[1] He had a few adult misdemeanor convictions but none scored under the guidelines. See U.S.S.G. § 4A1.2(c)(1).

there was some risk of recidivism given his record. There was also a need for a substantial period of confinement to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and deter others. Lesser sanctions had not deterred him, so a significant period of imprisonment was necessary. Defendant appeared to have educational needs, and the desire to address them, as well as serious substance abuse and health issues. I attempted to deal with those concerns through recommendations to the BOP and conditions of supervised release. There was no restitution due.

**D.     Consideration of Guidelines**

The guidelines called for a term of 108-135 months. I concluded that a sentence within that range was somewhat greater than necessary to satisfy the purposes of sentencing. First, the range did not account for the positive personal characteristics reflected in the letters received by the court or defendant's recent efforts to get on the right track by getting a legitimate job, which I considered under § 3553(a)(1). See, e.g., United States v. Ranum, 353 F. Supp. 2d 984, 986 (E.D. Wis. 2005) (noting that the guidelines fail to account for positive personal characteristics). Second, the guidelines did not account for defendant's serious vision problem, which would likely make prison more difficult for him than the typical inmate. See United States v. McClean, 822 F. Supp. 961, 962 (E.D.N.Y. 1993) (departing where defendant's poor health rendered him vulnerable). Third, the range gave undue weight to the two juvenile adjudications from when plaintiff was 15. These convictions barely fell within the five year window of § 4A1.2(d)(2)(A), triggering criminal history points. Defendant had scrapes with the law since then, but none serious enough to receive notice under the guidelines. Although I rejected defendant's guideline objection on criminal history, I accounted for this factor under § 3553(a)(1).

5

Finally, I noted that the government considered this defendant comparable to co-defendant Corey Hudson, whom I sentenced to 84 months a few days before. I considered this factor under § 3553(a)(6).

Defendant requested a non-guideline sentence to account for the disparity between crack and powder cocaine. I have in past cases, relying primarily on information compiled by the Sentencing Commission, concluded that the 100:1 ratio incorporated into the guidelines lacks any persuasive penological or scientific justification and creates a racially disproportionate impact. United States v. Smith, 359 F. Supp. 2d 771, 777-82 (E.D. Wis. 2005). Defendant asked me to sentence him according to the 20:1 ratio I adopted in Smith. In this case, use of that ratio would have produced a base level of 28 rather than 32: (100g of crack x [200g THC x 20 = 4000g THC] = 400 kg of THC).

However, under the particular circumstances of this case, I declined to exercise my discretion to account for this disparity in the sentence. See United States v. Gipson, 425 F.3d 335, 336 (7th Cir. 2005) (holding that the district court is not required to account for the crack/powder disparity). The drug weight attributed to defendant in the PSR appeared to be low, as it did not account for the fact that defendant obtained quantities of cocaine from Jordan in addition to that used to set the offense level. Reducing the sentence further based on drug weight would have failed to account for the additional cocaine defendant trafficked in and depreciated the seriousness of the offense.

## IV. SENTENCE

For all of these reasons, I committed defendant to the custody of the Bureau of Prisons for 84 months. I found this sentence sufficient but not greater than necessary. I recommended any drug treatment and educational programs available, including the 500

hour drug treatment program. I further recommended that the BOP consider defendant's vision problem and medical needs. Upon release, I ordered him to serve a supervised release term of four years, the conditions of which included, <u>inter alia</u>, a drug aftercare program and a requirement that he obtain his GED or HSED. Other terms of the sentence appear in the judgment.

    **SO ORDERED**.

    Dated at Milwaukee, Wisconsin, this 21st day of February, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

7

Case 2:05-cr-00213-LA   Filed 02/21/06   Page 7 of 7   Document 146